CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

LEIF DAUTCH (CABN 283975)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    leif.dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL NGUYEN,<br><br>    Defendant. | CASE NO. 25-CR-089-EMC<br><br>**UNITED STATES SENTENCING MEMORANDUM** |

U.S. SENTENCING MEMORANDUM
25-CR-089-EMC

## I. INTRODUCTION

The government submits this memorandum in advance of the sentencing hearing for defendant Daniel Nguyen. Nguyen pleaded guilty to two counts of transmitting threats in interstate commerce after he agreed to have his case transferred from the District of Massachusetts to this judicial district pursuant to Federal Rule of Criminal Procedure 20. Nguyen's conduct is extremely concerning. But the government believes that, in addition to the six months of custody he has already served, the public is best protected by Nguyen receiving ongoing mental health treatment for an additional year to address his issues with anger and self-control. As such, the government respectfully requests that the Court impose a sentence of six months (with credit for time served), a $200 special assessment, and three years of supervised release, with a condition that Nguyen successfully complete an additional 12 months of the mental health treatment program he has already begun.

## II. FACTUAL BACKGROUND

### A. Procedural History

On October 3, 2024, Nguyen was arrested at his home in San Francisco on an arrest warrant and criminal complaint out of the District of Massachusetts charging him with five counts of transmitting threats in interstate commerce under 18 U.S.C. § 875(c). Presentence Investigation Report ("PSR") at ¶ 7. After several hearings, he was ordered detained. *Id*. Nguyen consented to proceed with his case in the Northern District of California, and the government filed an Information alleging the same five counts on April 2, 2025. After serving six months in pretrial custody, the government stipulated to Nguyen's release so that he could begin intensive mental health treatment. *Id*. On August 28, 2025, he pleaded guilty to Counts 1 and 5 of the Information (one count for each victim). *Id*. at ¶ 5.

### B. Offense Conduct

As outlined in the Information, Nguyen was charged with making five calls to Boston-based companies in January and February 2024 in which he threatened to kill their employees.

- On January 12, 2024, a caller using Nguyen's phone number left a voicemail for Company 2 stating, "I fucking hate your company. I'm an investor and you fucking screwed me out of money. I have an AK-47 and I have a Glock. I'm gonna go in there and I'm going to shoot up the whole fucking office. I'm gonna shoot you all dead. I've got a fucking AK-47 and I've got a Glock with two silencers. I'm going to go in there with an AK-47 and shoot up the whole fucking [Company 2] office. Mother fucker. You're all going to be fucking dead. You're gonna wish you didn't fuck me out of money."

U.S. SENTENCING MEMORANDUM                 1
25-CR-089-EMC

- On the same day, January 12, 2024, the same caller left a voicemail for Company 1 stating: "hey, you fucking assholes are dead…you hear me. You fucking cheated me, you screwed me out of money over here. I've got an AK-…I have an AK-47, you know, with a drum magazine and I've got a Glock with two silencers. I'm going to walk into [Company 1]…watch me, watch, I'm going to walk into [Company 1], I'm going to shoot up the whole fucking place with an AK-47. I'm going to shoot up the whole fucking [Company 1] office with an AK-47. And I've got a fucking Glock. I'm gonna shoot up the whole [Company 1] office with a Glock. You're all going to be fucking dead. It's going to be a fucking bloodbath. You hear me? I've got a fucking AK-47. I'm gonna shoot up the whole [Company 1] office. And you're all going to be fucking dead."

- The next day, on January 13, 2024, the same caller left another voicemail for Company 1, stating: "And watch, you guys fucked me over. You watch. One day I'm gonna walk up in there. I'm gonna come there next week with an AK-47 and a handgun. I'm gonna shoot up the whole fucking facility. I'm gonna walk up in there with an AK-47, I'm gonna shoot up the whole fucking building, every [Company 1] employee is gonna be dead. It's going to be a bloodbath…I'm going to have an AK-47 loaded, I'm going to shoot up the whole fucking place."

- About three hours later, the same caller left another voicemail for Company 1 stating: "hey, I got an AK-47 and I got a Glock with a silencer, I'm gonna walk into [Company 1] next week, I'm gonna shoot up the whole fucking office. You hear me? Every [Company 1] employee is gonna get shot dead. You fucking watch and you see."

- A month later, on February 15, 2024, the same caller left a fourth voicemail for Company 1, stating: "I have an AK-47 in my possession and I'm gonna go over to Company 1 and shoot up the whole fucking office. I've got an AK-47 in my hand."

PSR at ¶¶ 9-15.

These threatening voicemails caused fear within the company and led employees to contact the FBI. Subsequent investigation traced the phone calls back to Nguyen, and a review of Nguyen's phone records showed all five calls being placed with the *67 dialing feature to block his caller ID. PSR at ¶¶ 16-17. The phone number was also the recovery number for an email address that Nguyen had reported to the San Francisco Police Department as his contact information.

### III.  NGUYEN'S CRIMINAL HISTORY

Nguyen had been arrested several times in 2017 and 2018 for making criminal threats, ultimately resulting in a misdemeanor conviction and three years on probation. According to Oakland Police Department reports, Nguyen's ex-girlfriend contacted law enforcement in April 2017 after Nguyen sent her threatening text messages. PSR at ¶ 48. The threats included a photo of Nguyen pointing a handgun at the camera, accompanied by the message "You my next target." *Id.* The victim provided officers

with screenshots of Nguyen's messages to her, which included: (1) a photo of a black semi-automatic handgun with two loaded magazines; (2) a photo of Nguyen pointing a gun at the camera: (3) a photo of Lovelle Mixon and four fallen Oakland PD officers (Mixon shot and killed four officers in 2009); and (4) a photo of Maurice Clemmons with four fallen Washington state officers (Clemmons also shot and killed four officers in 2009). Below these photos, Nguyen said: "You make feeling like doing this now. If I do what Lovelle Mixon and Maurice Clemmons did its because of you." *Id*.

Officers obtained a warrant to search Nguyen's residence. PSR at ¶ 48. During the 2017 search, officers recovered the Glock 21 semiautomatic handgun from the photo Nguyen sent his ex-girlfriend. The gun was fully-loaded, with a bullet in the chamber and an inserted 10-round magazine. Officers also recovered three loaded 10-round Glock magazines, a speed loader, 150 rounds of Blazer ammunition, 50 rounds of Federal ammunition, and 125 rounds of Sig Sauer ammunition. Nguyen was required to forfeit the firearm and ammunition in connection with his misdemeanor conviction in that case. *Id*. No weapons were recovered during the October 2024 arrest and search of Nguyen's home in connection with the instant federal charges.

Of concern, though, was what agents found saved on Nguyen's phone during the October 2024 search: a copy of the five-page manifesto of Dylann Roof, the white supremacist mass murderer who killed nine African-American people attending services at the Emanuel African Methodist Episcopal Church in Charleston, South Carolina in 2015. ECF No. 4 (Gov't Detention Motion) at 4. From a review of Nguyen's emails, this racist ideology and language was a recurring issue for Nguyen throughout 2024:

- On June 21, 2024, Nguyen sent two emails to a Nevada high school employee, including one that stated, "I fucking hate all you n***ers I will get my 9millim[e]ter and 45 and shoot all you fucking n***ers dead and burn al[l] you fucking piece of shit n***ers in the dump and ditches where all you n***ers belong."

- On August 27, 2024, Nguyen emailed an employee of a security company in California and stated: "I hate n***ers and the only good n***er is a dead n***er that is shot and killed. Police officers need to shoot and kill all n***ers for our safety. The only good n***er is a dead n***er."

ECF No. 4 at 4*; see also* PSR at ¶¶ 51-52.[1]

---

[1] It is worth noting that one of the companies targeted in the instant federal charges had just announced (the month before Nguyen's threats) that the FDA had approved its gene therapy for

## IV. GUIDELINES CALCULATION

In his plea agreement, Nguyen agreed that his Base Offense Level was 12, increased to 16 for making two or more threats to multiple victims, and then reduced to Total Offense Level 13 after accounting for acceptance of responsibility. Probation agrees with this calculation. PSR at ¶¶ 26-45. With Criminal History Category I for his sole misdemeanor conviction, Nguyen's advisory Guidelines range is 12-18 months. *Id*. at ¶¶ 50, 88. The parties have agreed to recommend six months in custody (with credit for time served) and successful completion of a mental health program as a condition of supervised release.

## V. SENTENCING RECOMMENDATION

Consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a) demonstrates that a 6-month sentence with 12 months of a mental health program for Nguyen is sufficient, but not greater than necessary, to protect the public and provide adequate deterrence.

Nguyen's offense conduct was very serious, and his possible racist motivations for the threats make it even worse. He put employees of these companies in fear for their lives, and they had no way of knowing whether the caller was nearby and capable of carrying out his threats, or 3,000 miles away on another coast. A custodial sentence is required for just punishment, to protect the public, and to afford adequate deterrence.

The government's primary goal at this point is ensuring that Nguyen never threatens anyone else again, and certainly that he never follows through on any of his threatening behavior. There are several reasons that the government believes the parties' joint proposal of a six-month sentence (with credit for time served), plus 12 months of mental health treatment, best achieves those aims. First, Nguyen has developmental and interpersonal issues that will not be adequately addressed through further incarceration, but which might be improved through another year of mental health treatment. *See* PSR at ¶¶ 72-74. In fact, there have been no known issues over the past 8 months of pretrial release while Nguyen has been undergoing treatment, despite Nguyen having ready access to a telephone (his

---

individuals suffering from sickle cell disease, a disease that overwhelming afflicts the African-American population. While Nguyen has claimed that he targeted the companies because he lost money on investments, his other anti-Black threats and possession of the Roof Manifesto suggest that racial animus may have been what led him to target companies 3,000 miles from his home.

instrumentality of choice).  Second, the fact of a federal felony prosecution and six months in federal custody represent a significant increase in the consequences that Nguyen has faced for his conduct.  His only prior consequence was one night in county jail for the 2018 misdemeanor.  This progressive punishment, combined with ongoing intensive mental health treatment and the threat of re-incarceration should he violate the strict terms of his supervised release, should provide adequate deterrence.

## VI. CONCLUSION

For the reasons set forth above, the government requests that the defendant be sentenced to six months of imprisonment, to be followed by three years of supervised release (with 12 additional months of mental health treatment as a condition), and a $200 special assessment.

DATED: November 25, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
LEIF DAUTCH
Assistant United States Attorney